[Cite as *Royaldavid Ent., L.L.C. v. Townsend*, 2026-Ohio-2856.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| ROYALDAVID ENTERPRISE, LLC | : | |
| | : | C.A. No. 30736 |
| Appellee | : | |
| | : | Trial Court Case No. 2025 CV 06011 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| LORENZO TOWNSEND | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on July 24, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately send a copy of the court's ruling to each party and note that action on the docket. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

_____
MARY K. HUFFMAN, JUDGE

LEWIS, P.J., and EPLEY, J., concur.

LORENZO TOWNSEND, Appellant, Pro Se
STEPHEN E. KLEIN, Attorney for Appellee

HUFFMAN, J.

{¶ 1} Lorenzo Townsend appeals pro se from the trial court's entry of default judgment against him on the complaint of plaintiff-appellee, Royaldavid Enterprise, LLC ("Royaldavid").

{¶ 2} Townsend does not challenge that service of process on him was completed. Instead, he asserts that the trial court denied him due process by failing to provide him with a notice of hearing on appellee's motion for default judgment. Townsend also does not allege any error in the damages awarded or in the other relief granted by the court in its default judgment entry. Because Townsend failed to appear or otherwise plead in the action and no oral hearing on the motion for default judgment was required or requested under Civ R. 55, we find no basis for reversal. For the reasons stated in this opinion, the judgment of the trial court is affirmed.

## Background

{¶ 3} On October 28, 2025, Royaldavid filed a complaint alleging breach of contract, slander of title, intentional interference with contract, fraud, and quiet title. In general, Royaldavid alleged that Townsend provided certain reconstruction services to real estate owned by it, and that after an accord and satisfaction of a dispute had been reached and Townsend signed a satisfaction of lien and release of all claims, he recorded a mechanic's lien affidavit against the property for the same services previously compromised and released. In its prayer for relief, Royaldavid sought compensatory and punitive damages, an

order enjoining Townsend from recording future lien affidavits against its real property, court costs and interest, as well as a judgment quieting its title to real property and nullifying Townsend's lien affidavits of record. After Townsend was personally served via an appointed process server and the time had expired for Townsend to answer or otherwise plea, Royaldavid moved for default judgment. Townsend did not enter an appearance in the action at any time, nor did he request an oral hearing on the motion for default judgment. Along with its default judgment motion, Royaldavid included an affidavit from its sole managing member that detailed its interaction with Townsend. The affidavit incorporated records evidencing the negotiated accord and satisfaction, the payment made to Townsend in satisfaction, the satisfaction of lien and release of all claims signed by Townsend, and Townsend's subsequent mechanic's lien affidavit relating to the same services previously negotiated and satisfied between the parties. Royaldavid's affidavit also detailed the attorney fees and costs that it had incurred. On December 30, 2025, the trial court sustained the motion and entered a default judgment.

## Analysis

{¶ 4} "A default judgment is a judgment entered against a defendant who has failed to timely plead in response to an affirmative pleading." *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.,* 28 Ohio St.3d 118, 121 (1986), citing *McCabe v. Tom*, 35 Ohio App. 73 (6th Dist. 1929). The procedure for granting judgment when a party is in default for failure to plead or otherwise defend in the action is set forth in Civ.R. 55(A), which provides in relevant part:

> When a party against whom a judgment for affirmative relief is sought has
>
> failed to plead or otherwise defend as provided by these rules, the party
>
> entitled to a judgment by default shall apply in writing or orally to the court

3

therefor; . . . If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.

"If the defendant party has failed to appear in the action, a default judgment may be entered without notice." *Ohio Valley Radiology Assocs.* at 120.

{¶ 5} "A trial court's decision to grant or deny a motion for default judgment is reviewed for an abuse of discretion." *Reid v. Williams*, 2024-Ohio-3332, ¶ 11 (2d Dist.), citing *Lacy v. State,* 2020-Ohio-3089, ¶ 83 (11th Dist.). "'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). Under such review, "a determination will only be reversed where it appears that the trial court's actions were arbitrary or unreasonable." *Id.,* citing *Proctor v. Proctor*, 48 Ohio App.3d 55, 60-61 (3d Dist. 1988).

{¶ 6} It is well settled that procedural due process requires notice and an opportunity to be heard before judgment can be entered against a party. *Zamos v. Zamos,* 2005-Ohio-6075, ¶19 (11th Dist.). Whether a party has been accorded procedural due process is a question of law that we review de novo. *See LTV Steel Co. v. Industrial Comm.*, 140 Ohio App.3d 680, 687 (10th Dist. 2000). Here, Townsend does not allege that he was not provided with notice of Royaldavid's complaint or his opportunity to appear in the action, and the record reflects that he was personally served with process.

{¶ 7} Equating his conduct to excusable neglect, Townsend suggests in his brief that since he is not an attorney, he lacked a clear understanding of the requirements to appear at a hearing, and thus default judgment deprived him of a meaningful opportunity to be

4

heard. He also argues that the trial court should have decided the matters on the merits. Townsend did not file a motion for relief from judgment in the trial court and, therefore, his argument regarding excusable neglect is misplaced. Still further, "litigants who choose to proceed pro se are presumed to know the law and correct procedure . . . and are held to the same standards as other litigants. A litigant proceeding pro se cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter." (Cleaned up.) *Am. Gen. Fin. Servs., Inc. v. Mosbaugh*, 2011-Ohio-5557, ¶ 12 (2d Dist.).

{¶ 8} Civ. R. 55 does not require that a hearing on a motion for default judgment be oral, but the court has discretion to hold an oral hearing. *Matthews v. Rader*, 2005-Ohio-3271, ¶ 26 (11th Dist); *see also Abbott v. Ford Dev. Corp.*, 2015-Ohio-5233, ¶ 9 (1st Dist.). In his brief, Townsend does not articulate why he claims an oral hearing on the motion for default was necessary. Townsend filed neither an answer nor other responsive pleading to the complaint, nor did he enter an appearance or otherwise request an oral hearing on the motion. Due process does not demand that an oral hearing be held on a motion for default judgment, and the trial court was within its discretion to decide the motion based on the affidavit and incorporated documents. The trial court was not required to provide Townsend notice of hearing on the motion for default judgment, nor was the court obligated to conduct an oral hearing on the motion. Townsend was not deprived of his right to due process, as he was properly served with process. By failing to appear or otherwise plead in the action, Townsend waived any right to a hearing or notice of hearing on the default judgment and waived his right to present evidence and arguments.

{¶ 9} We conclude that Townsend was afforded procedural due process when he was personally served with process and that he failed to avail himself of his right to be heard. The trial court did not abuse its discretion in concluding that service was properly achieved,

5

that Townsend had failed to timely appear or plead, and that, based on the affidavit provided by Royaldavid, default judgment was appropriate. No abuse of discretion is shown by the trial court's failure to hold an oral hearing on the motion for default judgment or by the court's grant of the motion.

{¶ 10} For the foregoing reasons, Townsend's single assignment of error is overruled. The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

LEWIS, P.J., and EPLEY, J., concur.